FILED & ENTERED

JUL 02 2013

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY bakchell  DEPUTY CLERK

## UNITED STATES BANKRUPTCY COURT

### CENTRAL DISTRICT OF CALIFORNIA

### LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>**MARTIN PEMSTEIN and DIANA PEMSTEIN,**<br><br>            Debtors. | Case No. 2:12-bk-15900-RK<br><br>Chapter 11<br><br>Adv No.  2:12-ap-02467-RK<br><br>**ORDER GRANTING MOTION FOR EXTENSION OF TIME TO FILE A NOTICE OF APPEAL** |
| **MARTIN PEMSTEIN,**<br>                    Plaintiff,<br><br>         vs.<br><br>**HAROLD PEMSTEIN,**<br><br>            Defendant. | Hearing Date:  July 2, 2013<br>Time:  2:00 p.m.<br>Courtroom:  1675 |

        On June 27, 2013, Plaintiff Martin Pemstein ("debtor") filed a motion for extension

of time to file a notice of appeal of this court's order dismissing debtor's complaint in this

adversary proceeding, entered on May 30, 2013 (the "Motion").  The court granted

debtor's separate application for order shortening time, setting the Motion for hearing on

1   July 2, 2013 at 2:00 p.m.  On July 1, 2013, the Defendant filed an Opposition to the

2   Motion.  After carefully considering the moving and opposing papers, the court takes the

3   Motion under submission, takes the hearing off calendar, and grants the Motion based on

4   debtor's showing of excusable neglect pursuant to Federal Rule of Bankruptcy Procedure

5   (FRBP) 8002(c)(2).

6          Pursuant to FRBP 8002(a), debtor had 14 days to file a notice of appeal of the

7   dismissal order entered on May 30, 2013, or until June 13, 2013.  Debtor did not file a

8   timely notice of appeal by the expiration date of June 13, 2013 for filing a timely notice of

9   appeal.

10         Debtor filed a motion to extend time to file a notice of appeal pursuant to FRBP

11  8002(c)(2), which provides: "A request to extend the time for filing a notice of appeal must

12  be filed before the time for filing a notice of appeal has expired, except that such a motion

13  filed not later than 21 days after the expiration of the time for filing a notice of appeal may

14  be granted upon a showing of excusable neglect."   Although debtor did not file the

15  motion to extend time to appeal by the expiration date for filing a notice of appeal, on

16  June 27, 2013, he filed a timely motion to extend time to appeal based on excusable

17  neglect since the motion was filed within 21 days of the expiration of the normal appeal

18  period, or July 4, 2013.

19         The issue before the court is whether debtor has shown excusable neglect for not

20  filing a timely notice of appeal under the normal 21-day deadline under FRBP 8002(b).

21  FRBP 8002(c)(2); 10 Resnick and Sommer, *Collier on Bankruptcy,* ¶ 8002.10.2[2] at

22  8002-16 – 8002-17 (16th ed. 2012), *citing Pioneer Investment Services Co. v. Brunswick*

23  *Associates Limited Partnership,* 507 U.S. 380, 395 (1993).  In *Pioneer,* the Supreme

24  Court held that the determination of whether neglect is "excusable" is "at bottom an

25  equitable one, taking account of all relevant circumstances surrounding the party's

26  omission" and stated that a court should consider such circumstances, including: (1) the

27  danger of prejudice to the opposing party, (2) the length of the delay and its potential

28  impact on the proceedings, (3) the reason for the delay, and (4) whether the movant

1    acted in good faith.  507 U.S. at 395.  While *Pioneer* addressed excusable neglect for

2    enlargement of time under the FRBP in general pursuant to FRBP 9006(b)(1), *Collier on*

3    *Bankruptcy* suggests that there is no good reason why the rationale in *Pioneer* should not

4    apply to FRBP 8002(c)(2) governing time to extend time to appeal.  10 Resnick and

5    Sommer, *Collier on Bankruptcy,* ¶ 8002.10.2[2] at 8002-17, *citing Pioneer Investment*

6    *Services Co. v. Brunswick Associates Limited Partnership,* 507 U.S. at 395.

7        As attested to by debtor in his declaration in support of the motion, debtor as a

8    layperson in this adversary proceeding did not receive notice of the court's dismissal

9    order in time to file a timely notice of appeal because of the sale of his residence (2516

10   Vista Baya, Newport Beach, CA  92660-3636) and his moving to a new address, which

11   was his mother-in-law's address (38 Calle Aragon, Unit F, Laguna Woods, CA  92637).

12   According to the debtor (in the points and authorities for the motion, but not in his

13   declaration in the motion), he was in the process of moving when the court entered its

14   dismissal order on or about May 23, 2013, and that the United States Postal Service put

15   a hold on mail sent to the old address on or about May 27, 2013 with a 15-day lead time

16   before forwarding mail to a new address.  Thus, according to debtor, he only received a

17   copy of the dismissal order on June 12, 2013 forwarded by USPS from the old address,

18   which did not give him sufficient time to file a timely notice of appeal, and no copy of the

19   dismissal order was directly delivered to him at the new address.

20       The notice of entered order and service list for the dismissal order indicated both

21   debtor's old and new addresses, but the certificate of notice of mailing of the dismissal

22   order issued for the court by the Bankruptcy Noticing Center filed on June 1, 2013

23   (Docket No. 40) indicates that debtor was only served at the old address and not at the

24   new address.

25       It appears that debtor may have neglected to notify the court of his new address

26   by formal notice of change of address, thinking that listing his new address on his

27   subsequent pleadings was sufficient, which is not (*see* FRBP 4002(a)(5)), and thus, it

28   further appears that the Bankruptcy Noticing Center only mailed a copy of the dismissal

3

1   order to debtor at the old address.  This fact corroborates debtor's factual contentions

2   that no copy of the dismissal order was directly mailed to him at the new address, but that

3   the only copy of the dismissal order mailed to him was substantially delayed because it

4   was sent to the old address with a USPS forwarding hold.

5         Debtor said that he learned about the dismissal order when he logged onto the

6   court's tentative ruling calendar on June 11, 2013 for June 12, 2013 and saw that the

7   status conference on June 12 was vacated due to the dismissal, but did not receive an

8   actual copy of the dismissal order until it was forwarded to the new address and delivered

9   on June 12.  (However, the court does not agree with debtor's contention that no

10   hearings were conducted on the merits of the motion to dismiss, which contention is not

11   supported by the record of the hearing on April 23, 2013, at which hearing the merits of

12   the motion were extensively argued, and not just on bankruptcy court jurisdiction.).

13         These circumstances show excusable neglect because the debtor did not actually

14   receive a copy of the dismissal order until the day before the time to appeal expired and

15   had insufficient time to file a timely notice of appeal (the court notes that debtor does not

16   explicitly argue that receiving an actual copy of the dismissal order the day before the

17   appeal expiration date was insufficient, but this is implicit from the motion in general).

18   These facts indicate the reason for debtor's delay in filing a notice of appeal and his

19   acting in good faith regarding filing a notice of appeal, which are two of the four *Pioneer*

20   factors.  The other two *Pioneer* factors of the danger of prejudice to the opposing party

21   and the length of the delay and its potential impact on the proceedings do not negate

22   excusable neglect in this court's view.  There is no prejudice to the defendant as the

23   opposing party because the delay of debtor in filing a notice of appeal is not more than a

24   few weeks, and given the debtor's vigorous opposition to the motion to dismiss,

25   defendant expected and knew or should have reasonably expected and known that

26   debtor would take an appeal of the dismissal order.  For the foregoing reasons, the court

27   in considering the *Pioneer* factors finds that debtor has shown excusable neglect to

28

4

1    warrant granting of his motion to extend time to file a notice of appeal pursuant to FRBP

2    8002(c)(2).

3         IT IS HEREBY ORDERED that the Motion is granted.

4         IT IS FURTHER ORDERED that debtor shall have until **July 16, 2013** to file a

5    notice of appeal of the order dismissing debtor's complaint.

6         IT IS FURTHER ORDERED that the hearing scheduled for July 2, 2013 at

7    2:00 p.m. is vacated and no appearances are required.

8         IT IS SO ORDERED.

9                                    ###

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24   Date: July 2, 2013         _____
                                Robert Kwan
25                              United States Bankruptcy Judge

26

27

28

                                    5

# NOTICE OF ENTERED ORDER AND SERVICE LIST

Notice is given by the court that a judgment or order entitled (*specify*) **ORDER GRANTING MOTION FOR EXTENSION OF TIME TO FILE A NOTICE OF APPEAL** was entered on the date indicated as "Entered" on the first page of this judgment or order and will be served in the manner indicated below:

**I. SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s), the foregoing document was served on the following person(s) by the court via NEF and hyperlink to the judgment or order. As of **July 2, 2013**, the following person(s) are currently on the Electronic Mail Notice List for this bankruptcy case or adversary proceeding to receive NEF transmission at the email address(es) indicated below:

Christopher L Blank    clblank@pacbell.net
Alan W Forsley    awf@fl-lawyers.net, awf@fkllawfirm.com,addy@fl-lawyers.net,lc@fl-lawyers.net,awf@fl-lawyers.net
United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov

☐ Service information continued on attached page

**II. SERVED BY THE COURT VIA U.S. MAIL:** A copy of this notice and a true copy of this judgment or order was sent by U.S. Mail, first class, postage prepaid, to the following person(s) and/or entity(ies) at the address(es) indicated below:

Martin Pemstein
2516 Vista Baya
Newport Beach, CA 92660

Martin Pemstein
38 Calle Aragon #F
Laguna Woods, CA 92637        ☐ Service information continued on attached page

**III. TO BE SERVED BY THE LODGING PARTY**: Within 72 hours after receipt of a copy of this judgment or order which bears an "Entered" stamp, the party lodging the judgment or order will serve a complete copy bearing an "Entered" stamp by U.S. Mail, overnight mail, facsimile transmission or email and file a proof of service of the entered order on the following person(s) and/or entity(ies) at the address(es), facsimile transmission number(s) and/or email address(es) indicated below:

☐ Service information continued on attached page

6