

FILED & ENTERED

AUG 09 2013

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY gae      DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA
# LOS ANGELES DIVISION

| | |
|---|---|
| In re<br>**MARTIN PEMSTEIN and DIANA PEMSTEIN**,<br>            Debtors. | Case No. 2:12-bk-15900-RK<br>Chapter 11<br>Adv. No. 2:12-ap-02467-RK |
| **MARTIN PEMSTEIN**,<br>            Plaintiff,<br>vs.<br>**HAROLD PEMSTEIN**,<br>            Defendant. | **SEPARATE STATEMENT OF DECISION GRANTING DEFENDANT'S MOTION FOR ATTORNEYS' FEES AND COSTS** |

   Defendant Harold Pemstein has moved for an award of attorneys' fees and costs against plaintiff Martin Pemstein pursuant to California Code of Civil Procedure, §§ 1021, 1032, 1033.5 and California Civil Code, § 1717.

   Having considered the moving and opposing papers and the other papers and pleadings in this case, and having heard the oral arguments of the parties at the hearing on the motion on August 6, 2013, the court concludes that the motion should be granted.

   Plaintiff filed this adversary proceeding for breach of contract, contempt of court and declaratory relief against defendant based on a stipulation between them and an

1  order of the court in the jointly administered cases of *In re The Pemma Corp., and In re*
2  *HMS Holding Co.,* Nos. SA 05-50043 JR Chapter 11 and SA 05-50044 JR Chapter 11
3  (Bankr. C.D. Cal.).  Copies of the stipulation and order were attached by plaintiff to his
4  complaint as Exhibit A.  Order Approving: (A) Stipulation to Distribute (Partition) Estate's
5  Interest in Certain Real Properties, to Assign Leases and to Approve Procedures for
6  Dismissal of Case; (B) Stipulation to (1) Terminate Purported Leases between HMS
7  Holding Company and Pemma Corporation; and (2) Enter into New Leases; (C)
8  Procedures for Dismissal of HMS Case; and (D) Payment of Commission to Trustee for
9  Distribution of HMS Estate Assets, *In re The Pemma Corp., and In re HMS Holding Co.,*
10 Nos. SA 05-50043 JR Chapter 11 and SA 05-50044 JR Chapter 11 (Bankr. C.D. Cal.,
11 order entered on October 27, 2006); Stipulation to (1) Terminate Purported Leases
12 between HMS Holding Company and Pemma Corporation; and (2) Enter into New
13 Leases, *In re The Pemma Corp., and In re HMS Holding Co.,* Nos. SA 05-50043 JR
14 Chapter 11 and SA 05-50044 JR Chapter 11 (Bankr. C.D. Cal., filed on October 26,
15 2006).
16      It is apparent from plaintiff's complaint filed in this adversary proceeding that the
17 subject contract was the stipulation to terminate leases and enter into new leases
18 attached to the complaint.  That is, plaintiff was suing defendant for breach of contract
19 based on this stipulation, or contract, in this adversary proceeding.
20      Paragraph 15 of this stipulation, or contract, provided for awarding reasonable
21 attorneys' fees and costs to the prevailing party in an action brought under the stipulation
22 by one party to the stipulation against another party.
23      The court determines that defendant may properly rely upon paragraph 15 of the
24 stipulation for an award of reasonable attorneys' fees and costs against plaintiff.  Plaintiff
25 brought an action on the stipulation, or contract, against defendant, and defendant is the
26 prevailing party, having succeeded on his motion to dismiss plaintiff's adversary
27 complaint and proceeding on grounds of claim and issue preclusion and judicial estoppel,
28 which the court granted by previous order.

Case 2:12-ap-02467-RK    Doc 69    Filed 08/09/13    Entered 08/09/13 08:49:57    Desc
                          Main Document      Page 3 of 5


1  Because the parties are California parties, the stipulation, or contract, was made in
2  California, and entered into in litigation pending in California, though there is no express
3  choice of law provision in the contract, the court determines that California law is
4  applicable to the stipulation, or contract, specifically, California Code of Civil Procedure,
5  §§ 1021, 1032, 1033.5 and California Civil Code, § 1717. These provisions govern an
6  award of reasonable attorneys' fees and costs under the express terms of the stipulation,
7  or contract, between the parties here, providing for such award to the prevailing party in
8  an action under the stipulation, or contract. The court further determines that under the
9  express terms of the stipulation, or contract, and under applicable California law,
10 defendant is entitled to an award of reasonable attorneys' fees and costs in having to
11 litigate this matter.
12  Plaintiff's argument in opposition to the motion that such an award with the court's
13 determination that he should have enforced the court's order approving the stipulation, or
14 contract, in contempt proceedings in the bankruptcy case in which the stipulation and
15 order were entered is immaterial to the motion in this adversary proceeding in this
16 bankruptcy case, and therefore, the court rejects this argument. Defendant had incurred
17 attorneys' fees and costs in this proceeding in this bankruptcy case, and because he
18 prevailed, he is entitled to reasonable attorneys' fees and costs incurred here.
19  The court has reviewed the substantiation of the attorneys' fees and costs incurred
20 by defendant in this adversary proceeding based on the declaration of his counsel,
21 Christopher L. Blank, with detailed and specific billing entries for the services rendered by
22 counsel and the costs incurred by defendant. Based on this careful review of this
23 substantiation as well as review of counsel's additional work in reviewing and responding
24 to plaintiff's opposition to the motion and appearing at the hearing, the court determines
25 that the claimed attorneys' fees and costs of $18,273.10, including $15,400.00 for 30.8
26 hours at $500.00 per hour of actual work performed by counsel, plus $2,500.00 for 5.0
27 hours at $500.00 per hour of work anticipated for reviewing and responding to plaintiff's
28 opposition to the motion and appearing at the hearing on the motion, and $373.10 in

1  costs, are reasonable.   The court determines that the estimate of 5.0 hours for reviewing
2  and responding to plaintiff's opposition to the motion and appearing at the hearing on the
3  motion to be reasonable and conservative based on the court's review of the papers in
4  response to plaintiff's opposition to the motion and the related motion for sanctions and
5  the court's hearing argument at the hearing on August 6, 2013 (which not only includes
6  the actual time of argument and waiting for the matter to be called as well as travel time
7  for counsel from his office to court and back).

      A separate order granting the motion is being filed concurrently herewith.

      IT IS SO ORDERED.

###

Date: August 9, 2013

_____
Robert Kwan
United States Bankruptcy Judge

# NOTICE OF ENTERED ORDER AND SERVICE LIST

Notice is given by the court that a judgment or order entitled (*specify*) **SEPARATE STATEMENT OF DECISION GRANTING DEFENDANT'S MOTION FOR ATTORNEYS' FEES AND COSTS** was entered on the date indicated as "Entered" on the first page of this judgment or order and will be served in the manner indicated below:

**I. SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s), the foregoing document was served on the following person(s) by the court via NEF and hyperlink to the judgment or order. As of **August 8, 2013**, the following person(s) are currently on the Electronic Mail Notice List for this bankruptcy case or adversary proceeding to receive NEF transmission at the email address(es) indicated below:

Christopher L Blank    clblank@pacbell.net
Alan W Forsley    awf@fl-lawyers.net, awf@fkllawfirm.com,addy@fl-lawyers.net,lc@fl-lawyers.net,awf@fl-lawyers.net
United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov

**II. SERVED BY THE COURT VIA U.S. MAIL:** A copy of this notice and a true copy of this judgment or order was sent by U.S. Mail, first class, postage prepaid, to the following person(s) and/or entity(ies) at the address(es) indicated below:

Debtor:
Martin Pemstein
38 Calle Aragon, Unit F
Laguna Woods, CA 92637

**III. TO BE SERVED BY THE LODGING PARTY**: Within 72 hours after receipt of a copy of this judgment or order which bears an "Entered" stamp, the party lodging the judgment or order will serve a complete copy bearing an "Entered" stamp by U.S. Mail, overnight mail, facsimile transmission or email and file a proof of service of the entered order on the following person(s) and/or entity(ies) at the address(es), facsimile transmission number(s) and/or email address(es) indicated below:

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California

January 2009

**F 9021.1**